UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

|  |  |
|---|---|
| RANDY RINDAHL, ) | CIV. 10-4156-KES |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| vs. ) |  |
| ) |  |
| TIM REISCH; ) | ORDER DISMISSING CASE |
| WARDEN WEBER, of the South ) |  |
| Dakota State Penitentiary; ) |  |
| DEPUTY WARDEN SLYKHUIS; ) |  |
| ASSIS. WARDEN YOUNG, ) |  |
| Jameson Annex; ) |  |
| CAPT. ROWDOWSKI, Jameson ) |  |
| Annex; ) |  |
| LT. MILLER, Jameson Annex; ) |  |
| SGT. FEDT, Jameson Annex; ) |  |
| SGT. ROWNADER, Jameson ) |  |
| Annex; ) |  |
| SCO MOKUSI, Jameson Annex; ) |  |
| SCO DAVIS, Jameson Annex; ) |  |
| SECTION MANAGER DITMANSON; ) |  |
| SECTION MANAGER FANTROY; ) |  |
| MAJOR LINNEWEBER, Security, ) |  |
| South Dakota State Penitentiary; ) |  |
| CASE MANAGER WEAVER; ) |  |
| SCO. BAHR; ) |  |
| SGT. MCALLISTER, Jameson ) |  |
| Annex; ) |  |
| SCO. WILLIAMS; Jameson Annex; ) |  |
| ASSOC. WARDEN PONTO, South ) |  |
| Dakota State Penitentiary; ) |  |
| SCO. MCCLOUD, Jameson Annex; ) |  |
| PARALEGAL BIGNE, South Dakota ) |  |
| State Penitentiary; ) |  |
| ASSOC. WARDEN O. SPURREL; ) |  |
| COORDINATOR KAYLA S.; ) |  |

| | |
|---|---|
| HUNHOFF MILLER, Mailroom; | ) |
| SCO. ANDERSON, Jameson Annex; | ) ) |
| SGT. MILLER, Jameson Annex; | ) |
| SCO. REIMANN, Mailroom; | ) |
| LT. JONES, Jameson Annex; | ) |
| DIRECTOR T. WOLFGANG, of Mental Health; | ) ) |
| SGT. OSLUND, Jameson Annex; | ) |
| SECTION MANAGER WOODWARD; | ) ) |
| SCO. TERMEER, Jameson Annex; | ) |
| MAJOR BAKER; ANDERSON, Teacher; and | ) ) |
| SCO. JOHNSON, Jameson Annex; | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Randy Rindahl, moves to proceed in forma pauperis in his civil rights suit against defendants. The Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Rindahl has previously proceeded in forma pauperis in at least three civil actions in the District of South Dakota pursuant to 42 U.S.C. § 1983 that have either been dismissed as frivolous or because of failure to state a claim. *See* Civ. 96-4117, 96-4116, and 95-4207. *See also* Civ. 09-4084, Docket 14 (denying in forma pauperis status

2

because Rindahl had three strikes). Thus, he has at least three prior "strikes" pursuant to 28 U.S.C. § 1915(g) and is therefore ineligible to proceed in forma pauperis unless there is imminent danger of serious physical injury.

Rindahl's in forma pauperis application, which is nearly illegible, appears to allege the imminent danger exception applies to him because he has previously been the victim of sexual assaults by prison guards. *See* Docket 3. This court notes the assaults have been the subject of at least one prior civil rights action brought by Rindahl. *See* Civ. 08-4041. Nowhere in his application does Rindahl allege that he is currently being assaulted or facing the threat of assault.[1] Past danger or harm is not sufficient to satisfy the imminent danger exception. *Martin v. Shelton*, 319 F.3d 1048, 1051 (8th Cir. 2003). In order to be eligible to proceed in forma pauperis under the imminent danger exception, the prisoner must face imminent danger at the time of filing. *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998).

---

[1] In fact, Rindahl bases his argument on *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), which reversed a district court's refusal to grant in forma pauperis status to a prisoner who alleged he had been physically attacked on two occasions, but did not file suit until six months after the alleged attacks. His argument implicitly concedes that he does not currently face an "imminent threat of physical injury." Furthermore, *Gibbs* was explicitly overruled by the Third Circuit in *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc) (holding an inmate may invoke the imminent danger exception to § 1915(g) only to seek relief from a danger which is imminent at the time the complaint is filed).

"Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on an installment plan." *Id.* Therefore, Rindahl has failed to meet the requirements of the imminent danger exception of § 1915(g) and may not proceed in forma pauperis. Accordingly, it is:

ORDERED that Rindahl's motion to proceed in forma pauperis (Docket 3) is denied.

IT IS FURTHER ORDERED that Rindahl's complaint (Docket 1) is dismissed without prejudice to refiling accompanied by the entire $350 filing fee.

Dated October 26, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE